UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| CARLINE M. CURRY, ) | CASE NO. 1:12 CV0276 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| CITY OF MANSFIELD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is *pro se* Plaintiff Carline M. Curry's above-captioned *in forma pauperis* Complaint alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*, 42 U.S.C. §1983 *et seq*, 42 U.S.C. §2000 *et seq*. ("Title VII") and Ohio Revised Code § 4112 ("ORC § 4112") based on race and gender discrimination. In addition, she alleges intentional infliction of emotional distress, defamation, and negligent supervision. Ms. Curry names the City of Mansfield, Ohio ("Mansfield"), Mansfield Mayor Donald Culliver, Public Works Director Angelo Klousiadis, Human Resources Director Donald Bartlett, and Plant Manager Mark Morgan as party Defendants. She seeks damages in the amount of $7.5 million in compensatory damages and $7.5 million in punitive damages.

### *Background*

Ms. Curry's twenty-three page complaint begins: "These *issues* are my complaints."

(Compl. at 3)(emphasis added). She then recounts, in fifty-seven paragraphs, every concern, question, irritant and disagreement she has had from April 22, 2010 through March 17, 2011 while employed at the City of Mansfield. Examples of these issues include an on-going complaint about a toilet that needed to be fixed, an employee smoking at a manhole, "EQ leaking on top of the water line," and plugged floor drains. The general conclusion of each concern is Ms. Curry's complaint that the defendants did not respond to her concerns in the manner she would have chosen.

A Notice of Right to Sue, dated November 14, 2011, from the Equal Employment Opportunity Commission (E.E.O.C.) is attached to the complaint. The E.E.O.C. was "unable to conclude . . . violations of the statutes." (E.E.O.C. Notice of 11/14/11).

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Failure to State a Claim*

Ms. Curry lists several federal statutes as the basis for this Court's federal question jurisdiction. Federal question jurisdiction only arises, however, where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Under this rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).

*42 U.S.C. §2000e*
*"Title VII"*

Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin ... 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). While Ms. Curry's gender is certain, she does not disclose her race. As such, the Complaint is devoid of any incident in which the defendants treated Ms. Curry less favorably than any male employee of a different race or nationality.

Because the Complaint is comprised of so many open-ended questions it is not possible to grasp any relevant declarations of fact that support a discrimination claim under Title VII. From what the Court can discern, Ms. Curry is very unhappy with the way she is being treated by the City of Mansfield.[2] What she does not allege, however, is that her race and gender were the

---

[2]This is the <u>eighth</u> lawsuit filed in federal court involving Ms. Curry, the City of Mansfield and/or some of its employees. *See Curry v. Mansfield Trtmnt Plant, et al*, No.1:96-cv-00702 (N.D. Ohio filed Apr. 5, 1996)(Wells, J.); *Hout et al v. City of Mansfield*,
(continued...)

motivating factors for the Defendants' treatment of her. She makes no allegation that otherwise similarly situated Caucasians or men were treated differently.

## *42 U.S.C. § 1981*

For the same reasons Ms. Curry fails to establish a Title VII claim, she cannot sustain an action under section 1981. The statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens." 42 U.S.C. §1981. The purpose of the statute is to address cases of intentional discrimination based on race or color. Because Ms. Curry does not state that she was subjected to discrimination based on race or color, she has failed to state a claim for relief under the statute. *See Daigle v. Gulf State Util. Co.*, 794 F.2d 974, 980 (5th Cir.), *cert. denied*, 479 U.S. 1008 (1986).

## *42 U.S.C. §1983*

Ms. Curry's reference to 42 U.S.C. § 1983 is no more than a citation. There are no allegation in the Complaint that the defendants, acting under color of state law, deprived Ms. Curry of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527,

---

$^2$(...continued)
Ohio et al, No. 1:04-cv-01127 (N.D. Ohio filed June 14, 2004)(Wells, J.); *Curry v. City of Mansfield, Ohio et al*, No. 1:05-cv-02094 (N.D. Ohio filed Aug. 31, 2005)(Nugent, J.); *Curry v. Invention Submission Corporation, et al*, No. 1:05-cv-03000 (N.D. Ohio filed Dec. 30, 2005)(Aldrich, J.); *Curry v. City of Mansfield, Ohio et al*, No. 1:09cv 0287 (N.D. Ohio filed Feb. 9, 2009)(Nugent, J.). *Curry v. City of Mansfield, Ohio et al*, No.1:10-cv-01743 (N.D. Ohio filed Aug. 10, 2010)(Boyko, J.); *Curry v. City of Mansfield, Ohio et al,* No. 1:11cv 1171 (N.D. Ohio filed June 7, 2011)(Adams, J.). The *Hout* case was filed by seven male employees against Ms. Curry and the City of Mansfield based on race and sex discrimination. Case No. 1:05cv3000 involved an unsuccessful allegation of patent infringement; Case Nos. 1:09cv287 and 1:10cv1743 were dismissed without prejudice; and, Case Nos. 1:96cv0702, 04cv1127, and 1:05cv2094 were dismissed on the defendants' motion for summary judgement. Finally, Case. No. 1:11cv1171 was dismissed *sua sponte* pursuant to 28 U.S.C. §1915(a).

535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Instead, Ms. Curry declares: "This is how they Discriminate;"(capitalization in original) and recounts that after the City put a new lift station in the rear of the plant on October 26, 2010, "Marc didn't bother to tell me or let me see how it operated." (Compl. at 12.) She complains that this was a deliberate attempt to undermine her eligibility for promotion. *Id.* In the same paragraph she declares: "Everyone in the plant is getting overtime except me *and my crew*." *Id.* (emphasis added). None of her statements include allegations that: (1) male employees or employees in a different ethnic class were treated better than she, (2) her crew fell into the same protected as she, or (3) she was deprived of a Constitutional right by a State actor. *See* 42 U.S.C. § 1983.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Whether Ms. Curry expects the Court to graft facts from her prior complaints onto the present Complaint is unclear. This Court's role, however, is not to create a cause of action on behalf of a litigant. *Id*.

To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S. Ct. 1937, 1949(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010)("dismissal standard articulated

in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  Other than a series of questions posed to the Court, Ms. Curry's Complaint contains only brief conclusory statements of discrimination.  These legal conclusions are not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Moreover, this Court is not required to accept unwarranted factual inferences.  *Id.*; *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).  The Complaint fails to state a federal claim; and, therefore no supplemental jurisdiction can attach for this Court to address any potential state law claims.  *See* 28 U.S.C. § 1367(a).

### *Conclusion*

Based on the foregoing, Ms. Curry's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 21, 2012                              *s/            James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE