UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

CARLINE CURRY,

       Plaintiff,

vs.

CITY OF MANSFIELD, *et al*,

       Defendants.

CASE NO. 1:12-CV-0276

OPINION & ORDER
[Resolving Doc. No. 5]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Before the court is *pro se* plaintiff Carline Curry's Objection of Judgment Entry (Doc. No. 5) wherein she seeks an Order reinstating the Complaint this Court dismissed on June 21, 2012. If the Complaint is reinstated, Curry further requests a stay until she can hire an attorney to represent her in this action. For the reasons discussed below, the request is denied.

      It is clear from Curry's pleading that she believes her Complaint had merit and that this Court should reconsider its decision to dismiss the action. Any request to reconsider a district court's dismissal of an action is construed by the Sixth Circuit as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). As such, Curry was required to file her motion within 28 days from the June 21, 2012

-1-

Case No. 1:12-CV-0276
Gwin, J.

date of judgment she seeks to alter.[1] FED. R. CIV. P. 59(e). Rule 59(e) mandates the court look to the date upon which the final order or judgment was entered to determine whether the motion is timely. *See Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir.2005) ("In order for a Rule 59 motion to be deemed 'timely,' the motion must be served 'no later than 10 days after entry of the judgment.' " (quoting former Fed.R.Civ.P. 59(e))).

Curry's motion was filed on July 20, 2012, or 29 days beyond the entry of this Court's judgment. *See* FED. R. CIV. P. 6(a)(1)(computing time for motion paper, in days). While a court may extend the time by which an action is filed, Civil Rule 6 provides an exception to the court's authority to extend the time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2)("court must not extend the time to act under . . . Rules . . . 59(b),(d), and (e)"); *see Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1104 n. 1 (6th Cir.1985) (suggesting that plaintiffs' argument that "lack of knowledge tolled the 10 day period" for filing a Rule 59(e) motion fell afoul of Rule 6(b)(2)). Because Curry's Motion to Alter or Amend was filed more than 28 days from the date of judgment she seeks to alter, the Court finds her Rule 59(e) motion untimely.

Where a party's Rule 59 motion is not filed within the mandatory deadline, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment. *See In re Saffady*, 524 F.3d 799, 800, n. 2 (6th Cir. 2008)(citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998)). The standard for granting a Rule 60 motion is

---

[1] Under Rule 6(a)(1), this period begins the day after the judgment is filed, and does not include Saturdays, Sundays, or legal holidays. FED.R.CIV.P. 6(a)(1) (2009). Rule 59(e) was amended in 2009 to expand the time period from ten days to twenty-eight days after the entry of judgment.

Case No. 1:12-CV-0276
Gwin, J.

significantly higher than the standard applicable to a Rule 59 motion, however. A Rule 60 motion may only be granted for one of six enumerated reasons. *Id*.; FED.R.CIV.P. 60(b). These reasons include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). Curry's request does not articulate a single reason that would warrant relief under Rule 60(b).

This Court dismissed Curry's Complaint pursuant to 28 U.S.C. §1915(e) because it lacked an arguable basis in law or fact. Curry now claims her Complaint had merit and makes general allegations of discrimination based on her race and sex that were not articulated in the original Complaint. A party cannot use a Rule 59 motion, however, "to raise arguments which could, and should, have been made before judgment issued." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010)(quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). Thus, there is no stated a basis upon which this Court should set aside its original judgement.

Based on the foregoing, Curry's Motion to Alter or Amend is untimely and she has failed to state a basis upon which to grant relief from this court's June 21, 2012 judgment.

-3-

Case No. 1:12-CV-0276
Gwin, J.

Accordingly, the Motion for Relief from Judgment [Doc. No. 5] is **denied**.

    IT IS SO ORDERED.


Dated: July 24, 2012                      *s/    James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE